# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within 14 days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Jennifer Zuch v. Commissioner of Internal Revenue

USCA NO.: 22-2244

LOWER COURT or AGENCY and DOCKET NUMBER:
U.S. Tax Court 25125-14

NAME OF JUDGE: Hon. Lewis R. Carluzzo

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

(1) Appeal from the Internal Revenue Service's determination made in a Collection Due Process hearing to uphold the filing of a Final Notice of Intent to Levy.
(2) Appellant - Jennifer Zuch; Appellee - Commissioner of Internal Revenue
(3) Reverse the decision to levy and determine that Appellant was entitled to a refund based on the tax return that she filed. Further, order that Appellee must pay Appellant a refund due to her based on her tax return as filed.
(4) Opinion and order granting Commissioner's Motion to Dismiss for Mootness.

LIST and ATTACH a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

(1) April 6, 2022 Order of Dismissal

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Appellant filed an IRS Form 1040 for 2010 in which she reported that she had overpaid her liability and was entitled to a refund. Without notice, Appellee seized her estimated tax payments and gave them to her spouse and subsequently seized them from him and applied them to an offer in compromise in which Appellant was not a party. Appellee did not provide any Notice of Deficiency or math error notice to Appellant as required by the Internal Revenue Code. Instead, Appellee seized her voluntary tax payments, determined that Appellant had a balance owed and initiated collection procedures. Appellant timely requested a collection due process hearing pursuant to 26 U.S.C. 6330. Appellee denied her request and determined that it was entitled to adjust her income tax liability and seize her voluntary tax payments without notice. Appellant timely petitioned the U.S. Tax Court. During the pendency of that case, Appellee applied refunds owed to Appellant for subsequent years to offset the liability at issue in the case. As a result Appellee determined that there was no longer a balance owed and requested the Tax Court dismiss the case on the grounds of mootness. The Tax Court granted Appellee's motion.

Identify the issues to be raised on appeal:

(1) Whether Section 6330(c)(2)(B) authorizes the Court to determine Appellant's 2010 Form 1040 liability even if the liability is less than zero.
(2) Whether Appelle can use Section 6402 to abrogate Section 6330(c)(2)(B) and Section 7803(a)(3)(D)'s "right to challenge the position of the Internal Revenue Service and be heard".
(3) Whether Appellant is entitled to a refund.
(4) Whether Appellant's liability must be abated based on Appelle's failure to comply with IRC Sections 6212 and 6213?
(5) Whether Appellee must honor Appellant and her spouse's allocation of the Estimated Tax Payments?
(6) Whether Appellant was entitled to de novo review of her 2010 income tax liability.
(7) Whether the U.S. Tax Court has jurisdiction to determine an overpayment or to order a refund or credit of tax paid in a Section 6330 proceeding.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this 15 day of July, 2022.

_____
Signature of Counsel

Rev. 07/2015



# United States Tax Court
Washington, DC 20217

| | |
|---|---|
| JENNIFER ZUCH,<br><br>      Petitioner<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>      Respondent | Docket No. 25125-14L. |

## ORDER OF DISMISSAL

      This section 6330(d)[1] case is before the Court on respondent's motion to dismiss on grounds of mootness, filed March 6, 2020. Petitioner's objection to respondent's motion was filed on April 13, 2020.

      In a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated September 25, 2014 (notice), respondent determined that a levy is an appropriate collection action with respect to petitioner's then outstanding 2010 Federal income tax liability (underlying liability). The submissions of the parties show their agreement to the events, summarized below.

      On September 12, 2012, petitioner filed her 2010 Federal income tax return as a married person filing a separate return. On the return, petitioner reported adjusted gross income of $74,493, tax due of $7,736, and withheld Federal tax of $8,067. The return showed a $731 overpayment, which respondent applied to the 2008 joint tax liability of petitioner and her former spouse, Patrick Gennardo.

      Petitioner submitted an amended 2010 Federal income tax return (amended return), filed November 14, 2012. On the amended return, as relevant, petitioner reported a $71,000 increase in adjusted gross income, additional tax due of $27,682, estimated tax payments of $50,000, and a $21,918 overpayment. Respondent assessed the additional tax due of $27,682 reported on the amended return. Respondent further assessed an addition to tax under section 6651(a)(1) for failure to file a timely return of $7,020.50.

      By letter dated August 31, 2013, petitioner was advised that respondent

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended.

**Entered and Served 04/06/22**

intended to levy (proposed collection action) in order to collect the underlying liability. That letter also advised petitioner of her right to challenge that proposed collection action by requesting an administrative hearing, which she did. *See* sec. 6330(a) and (b). Respondent received petitioner's timely administrative hearing request, dated September 27, 2013, in which petitioner alleged that the $50,000 of estimated tax payments should be credited to her 2010 income tax account and further requested that any penalty should be abated for reasonable cause. Respondent's settlement officer considered and rejected petitioner's requests, and because petitioner did not request a collection alternative during the administrative hearing, the notice was issued and this case ensued.

The petition in this case raises issues related exclusively to the amount of the underlying liability, including petitioner's entitlement to the abatement of penalties. According to petitioner, (1) the underlying liability would be eliminated if the estimated tax payments were properly credited to petitioner's income tax account, and (2) she is entitled to the refund of the overpayment shown on her amended return. After the petition in this case was filed, on April 15, 2019, respondent credited petitioner's income tax account with a $14,883.19 offset arising from her income tax account for 2018, which resulted in the satisfaction of the underlying liability. The payment of the underlying liability, in turn, resulted in the motion here under consideration.

Relying upon *Greene-Thapedi v. Commissioner*, 126 T.C. 1 (2006), and pointing out that the underlying liability has now been paid, respondent argues that the case is moot because respondent no longer intends to pursue the proposed collection action. Petitioner objects to respondent's motion. According to petitioner, "because * * * [respondent] did not issue a valid notice of deficiency [with respect to the 2010 assessment] * * * [r]espondent's assessment is void". Petitioner further contends that section 6330(c)(2)(B) obligates the Court to determine the existence or amount of the underlying liability and that she is due a refund for an overpayment for 2010. That being so, petitioner argues the case is not moot because the parties disagree over the amount of the overpayment of petitioner's 2010 Federal income tax liability.

Petitioner is concerned that unless the underlying liability is determined in this proceeding, she will be forced to pursue any refund to which she might be entitled through traditional Federal income tax refund procedures, including if necessary, initiating a case in a different Federal court. Petitioner's concerns, although well-founded, are insufficient to defeat respondent's motion. Because we do not have jurisdiction to determine an overpayment or to order a refund or credit of tax paid in a section 6330 proceeding, this is not the proper forum to determine whether, and the extent to which, if any, the underlying liability has been overpaid. *See Greene-Thapedi v. Commissioner*, 26 T.C. at 11. Although we have concerns about the merits of petitioner's position on the point, *see* secs. 6201(a)(1), 6665(b), under the circumstances we need not address the validity of the assessment as petitioner requests us to do.

Because there is no unpaid liability for the determination year upon which a

levy could be based, and respondent is no longer pursuing the proposed collection action, this case is moot. *See McLane v. Commissioner*, 24 F.4th 316 (4th Cir. 2022) *aff'g* T.C. Memo. 2018-149; *see also Greene-Thapedi v. Commissioner*, 26 T.C. 1.

Premises considered, it is

ORDERED that respondent's motion to dismiss on grounds of mootness, filed March 6, 2020, is granted. It is further

ORDERED that this case is dismissed as moot.

**(Signed) Lewis R. Carluzzo**
**Chief Special Trial Judge**