# No. 22-2244

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

JENNIFER ZUCH,

Petitioner-Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

## ON APPEAL FROM THE ORDER OF
## THE UNITED STATES TAX COURT

## SUPPLEMENTAL BRIEF FOR THE APPELLEE

DAVID A. HUBBERT
 *Deputy Assistant Attorney General*

JENNIFER M. RUBIN        (202) 307-0524
JULIE CIAMPORCERO AVETTA    (202) 616-2743
 *Attorneys*
 *Tax Division*
 *Department of Justice*
 *Post Office Box 502*
 *Washington, D.C. 20044*

15256041.1

# TABLE OF CONTENTS

**Page**

Table of contents.................................................................................i
Table of authorities ..............................................................................ii
Argument:

    1.    The IRS is not required to provide a notice of deficiency, and the Tax Court has no deficiency jurisdiction, where an assessment is based on tax reported on a return..............4

    2.    There is no refund jurisdiction in CDP proceedings ..............5

    3.    The Tax Court may not review offsets of later-year overpayments against earlier-year liabilities.......................12

    4.    The satisfaction of Jennifer Zuch's self-reported tax liability precludes the proposed levy to collect that unpaid tax and moots her CDP proceeding ..........................14

    5.    A court could find that Zuch retains the ability to file a refund lawsuit based on her 2012 amended return .............19

    6.    Tax Court jurisdiction under I.R.C. § 6330 does not survive the extinguishment of a proposed levy ....................21

    7.    *Polselli* is inapplicable to the facts of this case, but is instructive in its interpretation of the Internal Revenue Code ..................................................................................27

Conclusion....................................................................................29
Certificate of bar membership ..............................................................30
Certificate of compliance .....................................................................31
Certificate of service ...........................................................................32

# TABLE OF AUTHORITIES

**Cases:**                                                                     **Page(s)**

*Ahmed v. Commissioner,*
64 F.4th 477 (3d Cir. 2023) .................................................... 8

*Barnes v. Commissioner,*
T.C.M. 2021-49 ..................................................................... 22

*Appeal of Barry,*
1 B.T.A. 156 (1924) ............................................................. 9-10

*Barton v. Commissioner,*
97 T.C. 548 (1991) .................................................................. 5

*Blackburn v. Commissioner,*
150 T.C. 218 (2018) ............................................................ 23-24

*Boechler, P.C. v. Commissioner,*
142 S. Ct. 1493 (2022) .......................................................... 11

*Brown v. Commissioner,*
58 F.4th 1064 (9th Cir. 2023) ............................................. 5, 7

*Bull v. United States,*
295 U.S. 247 (1935) ............................................................... 28

*Byers v. Commissioner,*
740 F.3d 668 (D.C. Cir. 2014) ......................................... 14, 25

*Calpino v. Commissioner,*
819 F. App'x 860 (11th Cir. 2020) ........................................ 26

*Chafin v. Chafin,*
568 U.S. 165 (2013) .............................................................. 14

*Chocallo v. Commissioner,*
T.C. Memo. 2004-152 (2004) ................................................ 14

*Commissioner v. Gooch Milling & Elevator Co.,*
320 U.S. 418 (1943) ......................................................... 1-2, 9

*Cooper v. Commissioner,*
718 F.3d 216 (3d Cir. 2013) ................................................... 9

*Copley v. United States,*
959 F.3d 118 (4th Cir. 2020) ................................................ 13

*D'Amelio v. United States,*
679 F.2d 313 (3d Cir. 1982) ................................................. 17

**Cases (cont.):** **Page(s)**

*Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*,
    336 F.3d 211 (3d Cir. 2003) ................................................... 16

*Evans v. United States*,
    618 F. Supp. 621 (E.D. Pa. 1985), *aff'd*,
    787 F.2d 581 (3d Cir. 1986) .................................................. 17

*Flora v. United States*,
    362 U.S. 145 (1960) ........................................................ 13, 20

*Freck v. I.R.S.*,
    37 F.3d 986 (3d Cir. 1994) ................................................... 20

*Gerakios v. Commissioner*,
    T.C. Memo. 2004-203 (T.C. 2004) ......................................... 14

*U.S. ex rel. Girard Trust Co. v. Helvering*,
    301 U.S. 540 (1937) ......................................................... 2, 9

*Greene–Thapedi v. United States*,
    549 F.3d 530 (7th Cir. 2008) ................................................. 18

*Greene-Thapedi v. Commissioner*,
    126 T.C. 1 (2006) ........................................................... 6, 14

*Hartmann v. Commissioner*,
    638 F.3d 248 (3d Cir. 2011) .................................................. 28

*Herip v. United States*,
    106 F. App'x 995 (6th Cir. 2004) ........................................... 23

*Koss v. United States*,
    69 F.3d 705 (3d Cir. 1995) ................................................... 20

*Kovacevich v. Commissioner*,
    T.C. Memo. 2009-160 (2009) ................................................ 24

*Lane v. Pena*,
    518 U.S. 187 (1996) ........................................................... 9

*Markwardt v. Commissioner*,
    64 T.C. 989 (1975) ........................................................... 24

*McLane v. Commissioner*,
    24 F.4th 316 (4th Cir. 2022), *cert. denied*,
    143 S. Ct. 408 (2022) .............................................. 5, 7, 14, 25

*Melasky v. Commissioner*,
    151 T.C. 89 (2018), *aff'd*,
    803 F. App'x 732 (5th Cir. 2020) ...................................... 22, 24

15256041.1

**Cases (cont.):**                                                    **Page(s)**

*Mohsen v. Commissioner,*
   No. 21-71388, 2023 WL 3074294 (9th Cir. Apr. 25, 2023) ..... 7

*Morse v. United States,*
   494 F.2d 876 (9th Cir. 1974) ................................................ 16

*Polselli v. IRS,*
   143 S. Ct. 1231 (2023) ....................................................27-28

*Prestol Espinal v. Att'y Gen. of U.S.,*
   653 F.3d 213 (3d Cir. 2011) ........................................... 11, 23

*Roberts v. Commissioner,*
   329 F.3d 1224 (11th Cir. 2003) ........................................... 23

*Robinson v. Commissioner,*
   No. 22-3120, 2023 WL 3752004 (June 1, 2023) ..............17-18

*Robinson v. United States,*
   920 F.2d 1157 (3d Cir. 1990) .......................................... 4, 18

*Schwartz v. Commissioner,*
   T.C.M. 2022-125 ................................................................. 22

*Sunoco, Inc., v. Commissioner,*
   663 F.3d 181 (3d Cir. 2011) ...........................................1-2, 9

*TRW Inc. v. Andrews,*
   534 U.S. 19 (2001) .............................................................. 11

*United States v. Kales,*
   314 U.S. 186 (1941) ............................................................ 18

*Willson v. Commissioner,*
   805 F.3d 316 (D.C. Cir. 2015) .....................................7, 14, 25

*Winn-Dixie Stores, Inc. v. Commissioner,*
   110 T.C. 291 (1998) .............................................................. 5

*Wright v. Commissioner,*
   571 F.3d 215 (2d Cir. 2009) .................................................. 8

*Zapara v. Commissioner,*
   652 F.3d 1042 (9th Cir. 2011) .............................................. 11

15256041.1

-v-

**Statutes:**                                                           **Page(s)**

Internal Revenue Code (26 U.S.C.):

§ 6201(a) ............................................................4-5
§ 6211(a) ..............................................................4
§ 6211(b)(1) ..........................................................4
§ 6212 ..............................................................4, 6
§ 6213 ..............................................................4, 6
§ 6214 .............................................................4, 10
§ 6320 ..................................................................1
§ 6330.................................... 1-2, 6-8, 10-12, 15, 21, 23, 26-28
§ 6330(a)(1) .........................................................26
§ 6330(c)(1) ......................................................11, 22-25
§ 6330(c)(2)(A) .....................................................23-25
§ 6330(c)(2)(B) ...................................................6, 22, 25-26
§ 6330(c)(3) .........................................................21
§ 6330(c)(3)(C) ......................................................28
§ 6330(d)(1) ......................................................6, 8, 26
§ 6335 ...............................................................11
§ 6402(a) ..........................................................12-13
§ 6402(g) ............................................................12
§ 6404(h)(2)(B) .......................................................8
§ 6511 .............................................................3, 19
§ 6512(b) ........................................................8, 10, 12
§ 6512(b)(1) .......................................................5, 7
§ 6512(b)(4) .........................................................12
§ 6532 .............................................................3, 20
§ 6532(a)(1) .......................................................19-20
§ 7422(a) ........................................................3, 16, 19
§ 7422(d) ............................................................13
§ 7428 ...............................................................15
§ 7442 .............................................................1, 12
§ 7476-7479 ..........................................................15
§ 7609 ...............................................................27

15256041.1

**Statutes cont'd:**                                                        **Page(s)**

28 U.S.C.:

    § 1346(a)(1) ........................................................................ 3, 7
    § 2201(a) ............................................................................. 15

**Regulations:**

Treasury Regulations (26 C.F.R.):

    § 301.6330-1(e)(3), Q-E8 ...................................................... 21
    § 301.6402-3(a)(5) ................................................................. 19
    § 601.105(a) ......................................................................... 6

**Miscellaneous:**

2022 Purple Book, https://www.taxpayeradvocate.irs.gov/wp-
    content/uploads/2023/01/ARC22_PurpleBook_07_
    StrengthTPR_44.pdf (last viewed August 1, 2023) .............. 10

Chief Counsel Notice 2012-012 (June 1, 2012), *available at*
    https://www.irs.gov/pub/irs-ccdm/cc-2012-012.pdf ............... 20

Tax Ct. R. 31(a)............................................................................. 24

15256041.1

# ARGUMENT

Like taxpayer, amicus's arguments miss the mark here in two material aspects. First, while both taxpayer and amicus emphasize that the Collection Due Process (CDP) statute, I.R.C. § 6330, was enacted for a remedial purpose, they disregard that the statute was narrowly targeted at a specific goal: to provide pre-collection review to taxpayers faced with two specific types of collection action. *See* I.R.C. §§ 6320 (federal tax lien filings), 6330 (proposed levies). Where a taxpayer is not subject to one of those two collection actions, Section 6330 was not meant to provide relief and does not do so. (*See, infra,* Section 4.)

Second, both taxpayer and amicus rely heavily on the assumption that refund jurisdiction in the Tax Court need not be expressly granted by statute, but may be presumed absent a statutory prohibition. As courts, including this Court, have unanimously and consistently held, the converse is true. The Tax Court is a court of limited jurisdiction capable of exercising only the authority expressly granted it by Congress. I.R.C. § 7442; *Commissioner v. Gooch Milling & Elevator Co.,* 320 U.S. 418, 422 (1943); *Sunoco, Inc., v. Commissioner,* 663 F.3d 181,

187 (3d Cir. 2011).   Amicus concedes that there is no express statutory grant of refund jurisdiction in CDP proceedings, but instead argues that "overpayment jurisdiction should be inferred" due to the remedial nature of Section 6330.  (Am. Br. 9.)  Jurisdiction cannot be "inferred" from the purpose of a statute, but must be expressly granted.  *Gooch Milling,* 320 U.S. at 422; *Sunoco*, 663 F.3d at 187.

Amicus is even further off base in claiming that the Tax Court has "default power" to "determine an overpayment and order a refund." (Am. Br. 10.)   Long ago, the Supreme Court held that the Tax Court's predecessor (the Board of Tax Appeals) "is without authority to order a refund or a credit," unless Congress provides otherwise.  *U.S. ex rel. Girard Trust Co. v. Helvering,* 301 U.S. 540, 542 (1937); *see Gooch Milling*, 320 U.S. at 420.  Indeed, Congress was required to enact specific amendments to the Tax Code to provide the Tax Court with jurisdiction even to recognize, let alone order the credit or refund of, an overpayment of tax in other contexts.  (Govt. Br. 18-19.)  This Court should decline amicus's invitation to infer refund jurisdiction where Congress has not provided it.

However, Jennifer Zuch is not without a remedy. The Government has reexamined whether Zuch has viable options for judicial review and has determined that she may still be able to file a refund suit in the district court or Court of Federal Claims. As explained, *infra,* Section 5, Zuch's November 2012 amended return claimed a tax refund based on her claim to the $50,000 in disputed estimated tax payments. (A475.) A court could find that this amended return was a timely administrative refund claim for purposes of I.R.C. §§ 6511 and 7422(a). The Government's records do not reflect that the IRS ever sent Zuch a notice of disallowance, which would have triggered the two-year period for filing a refund suit under I.R.C. § 6532(a). Zuch therefore would still be free to file a refund suit in the district court or Court of Federal Claims, and that court could conclude that it had jurisdiction to determine whether she is entitled to a refund based on her amended return's claim of estimated tax payments. 28 U.S.C. § 1346(a)(1).

Below, we respond to the Court's seven questions in the order that they were set forth in the June 1, 2023 order.

-4-

1. **The IRS is not required to provide a notice of deficiency, and the Tax Court has no deficiency jurisdiction, where an assessment is based on tax reported on a return**

The Court's first question relates to deficiency jurisdiction pursuant to I.R.C. §§ 6213 and 6214. A deficiency is defined in the Code as "the amount by which the tax" "exceeds the excess of" "the sum of the amount shown as the tax by the taxpayer upon his return," "plus the amounts previously assessed (or collected without assessment) as a deficiency," "over the amount of rebates . . . made." I.R.C. § 6211(a). This amount is "determined without regard to payments on account of estimated tax," such as those disputed by taxpayer here. I.R.C. § 6211(b)(1).

A notice of deficiency (issued pursuant to I.R.C. § 6212) is a necessary prerequisite for the Tax Court to exercise deficiency jurisdiction. *Robinson v. United States*, 920 F.2d 1157, 1158 (3d Cir. 1990). As amicus correctly observes (Am. Br. 1-2), the IRS is not required to send a deficiency notice when it assesses tax reported on a return. I.R.C. § 6201(a)(1) (IRS "shall assess" taxes summarily based on taxpayer return). An assessed liability is not a "deficiency" that a taxpayer may ask the Tax Court to redetermine. We thus agree with

amicus (Am. Br. 2) that an assessed self-reported liability is not a

deficiency and is not subject to Tax Court review under the deficiency

procedures.

### 2.    There is no refund jurisdiction in CDP proceedings

If this were a proceeding within the Tax Court's deficiency

jurisdiction, the Tax Court would have jurisdiction to determine an

overpayment or refund under I.R.C. § 6512(b)(1).  *See Winn-Dixie*

*Stores, Inc. v. Commissioner,* 110 T.C. 291, 295 (1998) ("Overpayment

jurisdiction depends on whether we have jurisdiction to find that 'there

is no deficiency' or 'that there is a deficiency.' "), *quoting Barton v.*

*Commissioner*, 97 T.C. 548, 552 (1991).  Because there is no deficiency

jurisdiction here, there is no "retain[ed]" jurisdiction under I.R.C.

§ 6512(b)(1) to issue a refund, as suggested in Question 2 of this Court's

June 1, 2023 order.  The Tax Court may only determine an

overpayment or refund based on an assessed liability if another Code

provision grants it jurisdiction to do so.  *See Brown v. Commissioner*, 58

F.4th 1064, 1067 (9th Cir. 2023); *McLane v. Commissioner*, 24 F.4th

-6-

316, 318 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 408 (2022).[1]  In the CDP

context, no statute authorizes the Tax Court to determine an

overpayment or order a refund, and the Tax Court's decision in *Greene-*

*Thapedi v. Commissioner,* 126 T.C. 1 (2006), was therefore correct.

Amicus incorrectly counters (Am. Br. 5) that I.R.C. § 6330(c)(2)(B)

is a jurisdictional provision that somehow triggers refund jurisdiction.

It is not.  Section 6330(c) does not grant jurisdiction to the Tax Court at

all.  Rather, it addresses the issues that may be considered in an

administrative CDP hearing and requires the IRS appeals officer to

issue a "determination."  The grant of Tax Court jurisdiction is found in

I.R.C. § 6330(d)(1), which states that a taxpayer may "within 30 days of

a determination under [§ 6330], petition the Tax Court for review of

such determination (and the Tax Court shall have jurisdiction with

respect to such matter)."  Where the underlying tax liability was

---

[1] This case does not implicate a "math error," which refers to
situations where a taxpayer has made a mistake in calculating taxes.
I.R.C. § 6213(g)(2); *see* Treas. Reg. (26 C.F.R.) § 601.105(a).  (*See* Am.
Br. 12-13 (discussing math errors).)  Math errors are generally exempt
from Section 6212 notice requirements and from deficiency jurisdiction.
I.R.C. § 6213(b)(1).  At all events, Zuch's liability here was not assessed
pursuant to Section 6213(b)(1), but pursuant to Section 6201(a) as a
self-reported tax liability.

properly at issue in the administrative hearing, the findings and conclusions of the appeals officer on that issue will form a part of the "determination" reviewable by the Tax Court, to the extent the liability remains unsatisfied. *Willson v. Commissioner*, 805 F.3d 316, 320 (D.C. Cir. 2015). If the IRS appeals officer or the Tax Court concludes that a taxpayer owes less than what has been asserted, that conclusion will affect the propriety of the proposed collection action: the IRS cannot collect more than is really owed. But as counsel for taxpayer conceded at the April 26, 2023 oral argument (Tr. 9, ll. 19-23), nowhere in Section 6330 did Congress grant the Tax Court jurisdiction (under Section 6512(b)(1) or otherwise) to determine an overpayment or refund. *Mohsen v. Commissioner*, No. 21-71388, 2023 WL 3074294, at *1 (9th Cir. Apr. 25, 2023); *Brown*, 58 F.4th at 1067; *McLane*, 24 F.4th at 318. This was no oversight on Congress's part, because taxpayers have always had the ability to recover an overpaid tax through a refund suit in the district court or Court of Federal Claims. *See* 28 U.S.C. § 1346(a)(1).

Amicus concedes (Am. Br. 12) that her broad reading of Section 6330(c) would incorporate wholesale the Tax Court's deficiency

jurisdiction under Section 6213 in any CDP proceeding, including the

express grant of refund jurisdiction in Section 6512(b). *Contra Wright*

*v. Commissioner*, 571 F.3d 215, 219 (2d Cir. 2009) (where taxpayer

states a claim under I.R.C. § 6404(h)(2)(B), "the Code empowers the Tax

Court to determine an overpayment and order a refund" without regard

to whether taxpayer initially invoked the Tax Court's jurisdiction under

§ 6330(d)(1)).[2]

But Section 6330 does not incorporate deficiency jurisdiction, and

specifically omits any express grant of jurisdiction to determine an

overpayment or order a refund. To conclude otherwise would require

this Court to accept amicus's premise that overpayment jurisdiction is

an implicit "default power" that should be "inferred" in the Tax Court

unless expressly barred by statute. (Am. 9, 10.) The converse is true:

---

[2] Contrary to amicus's assertion, *Wright*, 571 F.3d at 219, did not hold or even suggest that "refund jurisdiction should be inferred in CDP cases as well, because of their remedial function." (Am. Br. 9.) Rather, *Wright* held that the limited jurisdictional grant of § 6330(d)(1)— particularly when invoked in a *pro se* pleading—does not foreclose the Tax Court from concurrently adjudicating a properly-preserved taxpayer claim pursuant to an independent grant of jurisdiction over that claim (there, Section 6404(h)(2)(B)). *Cf. Ahmed v. Commissioner*, 64 F.4th 477, 487 (3d Cir. 2023). (*See also* Govt. Br. 18-19 (discussing Section 6404(h).)

jurisdiction may never be presumed, but must be expressly *granted* by statute. *Gooch Milling,* 320 U.S. at 422; *Sunoco*, 663 F.3d at 187. Amicus's position conflicts with this Court's recognition that "the Tax Court is a court of limited jurisdiction possessing only such jurisdiction as is expressly conferred by Congress," *Sunoco,* 663 F.3d at 187, as well as with the longstanding principle that a " 'waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied.' " *Cooper v. Commissioner*, 718 F.3d 216, 220 (3d Cir. 2013), *quoting Lane v. Pena*, 518 U.S. 187, 192 (1996).

Amicus's claim that the Tax Court has "default power" to "determine an overpayment and order a refund" (Am. Br. 10) was rejected wholesale by the Supreme Court long ago. *See Girard Trust,* 301 U.S. 540; *Gooch Milling*, 320 U.S. 418. Contrary to amicus's suggestion (Am. Br. 10), *Appeal of Barry,* 1 B.T.A. 156, 158 (1924), does not stand for this proposition. There, the "taxpayer ha[d] made no claim for refund, and the question whether he is or is not entitled to refund [was] not involved in the appeal and, therefore, [was] not before" the Board of Tax Appeals. *Barry*, 1 B.T.A. at 158. Rather, *Barry* held

that the Board could consider matters from tax years other than the year at issue as needed to reach "a correct and complete determination of any deficiency which the Commissioner proposes to assess." *Id.* This power is now expressly codified in I.R.C. § 6214(b), which, notably, says nevertheless that the Tax Court "shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid."

If amicus were correct that general refund jurisdiction was a "default power" of the Tax Court, Congress would not have needed to enact I.R.C. § 6512(b) to grant overpayment jurisdiction in deficiency proceedings, nor to amend any other Code provisions to cross-reference § 6512(b).[3] (*See* Govt. Br. 18-19, n.7.) Amicus's proposed presumption of general refund jurisdiction would render superfluous the specific grant of refund jurisdiction in I.R.C. § 6512(b), contrary to the "'cardinal principle of statutory construction that a statute ought, upon the whole,

---

[3] Nor would the Taxpayer Advocate need to lobby Congress to add refund jurisdiction to Section 6330. *See, e.g.,* "Legislative Recommendation #44: Authorize the Tax Court to Order Refunds or Credits in Collection Due Process Proceedings Where Liability Is at Issue," 2022 PURPLE BOOK, https://www.taxpayeradvocate.irs.gov/wp-content/uploads/2023/01/ARC22_PurpleBook_07_StrengthTPR_44.pdf (last viewed August 1, 2023).

-11-

to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *Prestol Espinal v. Att'y Gen. of U.S.*, 653 F.3d 213, 224 (3d Cir. 2011), *quoting TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

Moreover, the remedial purpose of Section 6330 does not justify broadening its jurisdictional grant beyond that expressly set forth in the statute.  Amicus claims that courts have "moved beyond a strict reading of § 6330 to expand Tax Court jurisdiction in CDP cases."  (Am. Br. 10.)  This is not so, and no cases authorize rewriting the CDP statute beyond its written terms.  The Supreme Court's conclusion in *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493, 1500-02 (2022), that the *time limit* for filing a Tax Court petition in a CDP case is not jurisdictional was merely an application of the "clear statement rule" for jurisdictional provisions, not an invitation to read new Tax Court powers into Section 6330.  Similarly, *Zapara v. Commissioner*, 652 F.3d 1042, 1045 (9th Cir. 2011), held only that the IRS's alleged misapplication of I.R.C. § 6335 in a jeopardy levy context fell within the scope of review of I.R.C. § 6330(c)(1).

-12-

In sum, Congress did not grant the Tax Court jurisdiction to determine overpayments or order refunds in Section 6330, nor did it incorporate by reference the Tax Court's limited refund jurisdiction under Section 6512(b), as it has done in other contexts. To the extent this creates a trap for some unwary taxpayers who do not take steps to preserve a refund claim, that is a gap for Congress to fill. But it is not the province of the courts to expand the Tax Court's jurisdiction.

### 3.    The Tax Court may not review offsets of later-year overpayments against earlier-year liabilities

We agree with amicus (Am. Br. 14-16) that I.R.C. § 6402(g) is inapplicable to this case because the credit offsets at issue were made pursuant to I.R.C. § 6402(a). Nevertheless, the Tax Court has no power to review credit offsets during the pendency of a CDP case. As explained above, the Tax Court's jurisdiction is limited to what is expressly stated in the Code, *see* I.R.C. § 7442, and nothing in the Code authorizes the Tax Court to review § 6402(a) offsets in a CDP case. Even in the limited circumstances in which the Tax Court has jurisdiction to determine overpayments and order refunds, the Code could not be clearer that the Tax Court cannot review credit offsets: I.R.C. § 6512(b)(4) states that the "Tax Court shall have no jurisdiction

under this subsection to restrain or review any credit or reduction made by the Secretary under section 6402."

Amicus notes that I.R.C. § 7422(d) converts the credit of an overpayment into a "payment" (Am. Br. 14), but this statute's application is limited to tax-refund suits in the district courts and Court of Federal Claims.  Specifically, Section 7422(d) states that "[t]he credit of an overpayment of any tax in satisfaction of any tax liability shall, *for the purpose of any suit for refund* of such tax liability so satisfied, be deemed to be a payment . . . ."  I.R.C. § 7422(d) (emphasis added).  A deficiency proceeding—even one where the Tax Court determines an overpayment—is *not* a suit for refund.  *See Flora v. United States*, 362 U.S. 145, 165 (1960).

Finally, setoffs authorized by § 6402(a) do not need to follow any common-law principles regarding setoffs, as amicus agrees (Am. Br. 17).  *Cf. Copley v. United States*, 959 F.3d 118, 125–26 (4th Cir. 2020) (a "court's discretion to disallow a setoff" "when the validity of the right of setoff can be questioned under other law" "does not permit . . . courts to disregard the plain language of 26 U.S.C. § 6402(a)").

### 4. The satisfaction of Jennifer Zuch's self-reported tax liability precludes the proposed levy to collect that unpaid tax and moots her CDP proceeding

The touchstone for determining mootness is whether "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation omitted). Amicus admits that mootness in this case "hinges on whether the Tax Court has overpayment jurisdiction." (Am. Br. 18.) Indeed, because the proposed levy that gave rise to this CDP proceeding is no longer necessary, the question becomes whether the Tax Court, in this CDP case, has the power to order any other relief. As explained in Section 2, *supra*, it does not. As every other court to address this question has held, the elimination of the underlying tax liability during a CDP proceeding precludes the proposed collection action and moots the CDP appeal. This is true whether the liability was abated by the IRS, *see Willson,* 805 F.3d at 320; *Byers v. Commissioner*, 740 F.3d 668, 679 (D.C. Cir. 2014); *Chocallo v. Commissioner,* T.C. Memo. 2004-152 (2004), or was satisfied with taxpayer funds, *see McLane,* 24 F.4th at 319; *Greene-Thapedi*, 126 T.C. at 7; *Gerakios v. Commissioner*, T.C. Memo. 2004-203 (T.C. 2004).

-15-

If Zuch's tax liability for 2010 had not been fully satisfied by the credit offsets, we agree that the case would not be moot and that the Tax Court could review the proper allocation of the estimated tax payments.  However, the only relief the Tax Court could award if it determined that the estimated tax payments should have been allocated to Zuch is a refusal to sustain the proposed levy.

There is no basis whatsoever for amicus's claim (Am. Br. 20) that the Tax Court can issue an opinion in this CDP case regarding the proper application of estimated tax payments that Zuch could later use as essentially a "bill for a refund" in a refund suit.  Federal courts are barred from issuing declaratory judgments in federal tax cases "other than actions brought under section 7428 of the Internal Revenue Code of 1986."  28 U.S.C. § 2201(a).  Section 7428, in turn, gives the Tax Court authority to issue declaratory judgments regarding tax-exempt status.  Sections 7476 through 7479 of the Code authorize the Tax Court to issue declaratory judgments in other specific types of proceedings.  Nothing in the Code or Section 6330 authorizes the Tax Court to issue advisory opinions or declaratory judgments in CDP cases.  Nor would any findings of fact on the merits of a claim outside the Tax

Court's jurisdiction be entitled to preclusive effect in a refund suit. *See Morse v. United States*, 494 F.2d 876, 879 (9th Cir. 1974) (doctrine of *res judicata* "has no application where the legal matters raised in the second case differ from those determined in the earlier case" or "where the issues to be litigated in the subsequent suit were beyond the jurisdiction of the tax court.") (internal citation omitted); *see also Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003) ("mootness would divest us of jurisdiction to consider this appeal") (internal quotation omitted).

Applying the "informal-claim doctrine" in the unprecedented manner suggested by amicus (Am. Br. 21)—which would require this Court to construe an opposition to a dispositive motion in the Tax Court as an administrative claim for refund—would not assist Zuch in any event.  The refund-claim requirement is set forth in I.R.C. § 7422(a), which requires a claim for refund to be "duly filed *with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*"  (Emphasis added.) Motion papers filed in a Tax Court proceeding are not "duly filed with the Secretary" of the Treasury according to the laws and regulations

governing refund claims.  An informal claim requires "some sort of written instrument which informs the *administrative agency* that the taxpayer believes that he has been subjected to an erroneous or illegal tax exaction, and that he desires a refund or credit because of such action[.]"  *D'Amelio v. United States*, 679 F.2d 313, 315 (3d Cir. 1982) (emphasis added) (internal quotation omitted).  A taxpayer seeking to have a communication treated as an informal claim "must inform the Internal Revenue Service that a claim for a refund is being asserted, and must provide enough information so that the IRS can adequately examine the merits of the claim."  *Evans v. United States*, 618 F. Supp. 621, 622-23 (E.D. Pa. 1985), *aff'd*, 787 F.2d 581 (3d Cir. 1986).  Motion papers filed with a court do not fulfill this requirement, particularly since motion papers do not alert the Internal Revenue Service that the taxpayer is requesting an ancillary administrative proceeding.  We are aware of no case in which a court has construed motion papers in a *judicial* proceeding as an *administrative* refund claim, formal or informal.[4]

---

[4] This Court's recent decision in *Robinson v. Commissioner*, No. 22-3120, 2023 WL 3752004 (June 1, 2023), is not instructive on this

(continued…)

Even if judicial motion papers could constitute an informal administrative claim for refund, such an informal claim would need to be perfected by the subsequent filing of a formal administrative claim for refund with the IRS. *See United States v. Kales*, 314 U.S. 186, 194 (1941) ("a notice fairly advising the Commissioner of the nature of the taxpayer's claim . . . will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period"); *see also Greene–Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008) ("The informal claim doctrine is predicated on the expectation that any formal deficiency will at some point be corrected. To hold otherwise would eliminate, as a practical matter, the formal claim requirement.") (internal citation omitted). Without subsequent perfection by the filing of a formal claim, Zuch's motion papers—even if they could be interpreted as administrative filings—in no way qualify as informal claims for refund.

---

point. In *Robinson*, the Tax Court dismissed, over the *pro se* taxpayer's objection, a CDP case that she had filed prematurely, prior to the issuance of a notice of determination. This Court vacated the dismissal and remanded for the Tax Court to "address whether Robinson's objection could be liberally construed as a second petition for review." *Id.* Here, by contrast, the taxpayer is represented by counsel and there is no dispute that her petition was timely filed.

Although Zuch's filings in this CDP case do not qualify as an administrative refund claim, her November 2012 amended return could constitute an administrative refund claim. As explained below, Zuch could pursue a refund suit based on her 2012 amended return.

### 5.    A court could find that Zuch retains the ability to file a refund lawsuit based on her 2012 amended return

As amicus correctly observes (Am. Br. 22), if this Court were to affirm the Tax Court's decision below, that judgment would have no res judicata or collateral estoppel effect in a subsequent refund suit. And as outlined below, a court could find that Zuch could bring such a suit.

To obtain district court jurisdiction over a refund suit, Congress requires a taxpayer first to file an administrative claim for refund with the Secretary within 3 years of the return being filed or 2 years of the tax being paid, whichever is later. I.R.C. §§ 6511(a), 7422(a). Under Treas. Reg. § 301.6402-3(a)(5), an amended return claiming a tax refund qualifies as a refund claim. Here, Zuch filed an amended return on November 14, 2012, claiming a tax refund of $21,918 for 2010 based on the application of $50,000 in estimated tax payments. (A475.) Under I.R.C. § 6532(a)(1), taxpayers must wait six months before filing a refund suit unless the IRS acts on their refund claim within that time,

and then taxpayers have two years from the date on which the IRS sends a "notice of disallowance" to file a refund suit. This two-year period begins to run upon the "date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance." *Id.*

Here, the Government has no record of sending a notice of disallowance of a refund claim for tax year 2010. (SA1-3.) Because I.R.C. § 6532 imposes no limitations period on an action for refund where, as here, no notice of disallowance is sent, a court could reasonably conclude that the amended return was a refund claim, and that the two-year limitations period on that refund claim never began to run. *See also* Chief Counsel Notice 2012-012 (June 1, 2012), *available at* https://www.irs.gov/pub/irs-ccdm/cc-2012-012.pdf. If so, Zuch would be free to file a refund suit in the district court or Court of Federal Claims premised on her 2012 amended return.[5]

---

[5] Full payment of the tax is a jurisdictional prerequisite to a suit for refund. *See Flora v. United States*, 362 U.S. 145, 177 (1960); *Koss v. United States*, 69 F.3d 705, 708 (3d Cir. 1995). Whether a tax has been fully paid thus is a question of jurisdictional fact in a refund suit. *Cf. Freck v. I.R.S.*, 37 F.3d 986, 995 (3d Cir. 1994) (remanding refund suit to District Court for jurisdictional factfinding). Zuch's refund claim

(continued…)

-21-

### 6.    Tax Court jurisdiction under I.R.C. § 6330 does not survive the extinguishment of a proposed levy

The Tax Court's jurisdiction under Section 6330 depends on the continued existence of the proposed collection action, and there is no free-standing jurisdiction in the Tax Court to review verification challenges or liability challenges that may be raised under Section 6330(c), separate and apart from the proposed collection action.

At the end of a CDP hearing, the IRS Independent Office of Appeals issues a notice of determination sustaining or rejecting a proposed levy.  I.R.C. § 6330(c)(3).  In so doing, the appeals officer may consider defenses raised by the taxpayer, potentially including challenges to the liability underlying the proposed levy.  I.R.C. § 6330(c)(2); Treas. Reg. § 301.6330-1(e)(3), Q-E8.  These defenses are considered solely in support of the ultimate CDP determination: whether the IRS can proceed with the proposed levy and, if so, how

_____

turns on the application of estimated payments to her 2010 tax liability: had the payments been applied as she indicated on her 2012 amended return, the tax she reported for 2010 would have been fully paid and her refund suit therefore ripe.  (A475.)  The parties' dispute as to this jurisdictional fact would be properly before the trier of fact in a refund suit.

much it may collect.  Full payment of the liability bars the levy and terminates Tax Court jurisdiction to adjudicate defenses to that levy.

Because there is no independent jurisdiction to review verification challenges or liability challenges in the absence of proposed collection action, it matters not whether Zuch's precise complaint regarding the application of estimated tax payments is characterized as one or the other.  But because taxpayer, and now amicus, press the issue, we address it here.  Taxpayer and amicus suggest that her dispute may not be a challenge to "underlying liability" under I.R.C. § 6330(c)(2)(B), but instead, a challenge to compliance verification under I.R.C. § 6330(c)(1). (Reply Br. 21; Am. Br. 23-24).  We agree that Section 6330(c)(2)(B) does not apply to disputes regarding application of payments to unpaid tax debts.  *See Melasky v. Commissioner*, 151 T.C. 89, 92 (2018), *aff'd*, 803 F. App'x 732 (5th Cir. 2020).  Instead, Section 6330(c)(2)(B) applies to disputes regarding the principal amount of tax due under the Code—not the amount that remains *unpaid.  Id.*; *Schwartz v. Commissioner*, T.C.M. 2022-125 n.11; *Barnes v. Commissioner*, T.C.M. 2021-49.

But a dispute over the allocation of payments also does not fall within the scope of Section 6330(c)(1), which requires the appeals officer

-23-

to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  Section 6330(c)(1) does not require the appeals officer to evaluate the merits of the claim that the taxpayer owes a certain amount of tax.  "To impose the requirement of a substantive review on the settlement officer would allow the taxpayer to avoid the limitations of pursuing the underlying liability in a review under section 6330 and apply a level of detail in the verification process that has never been previously required." *Blackburn v. Commissioner*, 150 T.C. 218, 222 (2018).  To hold otherwise would impermissibly render superfluous both Section 6330(c)(2)(A), which places the burden on the taxpayer to "raise any relevant issue relating to the unpaid tax or proposed levy," and (c)(2)(B), which allows taxpayers to challenge underlying liability only in certain limited circumstances. *Prestol Espinal*, 653 F.3d at 224.  Instead, Section 6330(c)(1) requires the appeals officer only to consult IRS records (such as Forms 4340, Certificate of Assessment and Payments) to determine if they reflect that required procedural steps were taken and that the taxes underlying the proposed collection action are unpaid. *Herip v. United States*, 106 F. App'x 995, 998-99 (6th Cir. 2004); *Roberts*

-24-

*v. Commissioner*, 329 F.3d 1224, 1228 (11th Cir. 2003); *Blackburn*, 150 T.C. at 221-22.[6]

The provision of the CDP statute that actually governs Zuch's claims is I.R.C. § 6330(c)(2)(A), which allows taxpayers to raise "any relevant issue relating to the unpaid tax or the proposed levy" in an administrative CDP hearing.  "A question about whether the IRS properly credited a payment is not a challenge to a tax liability; *i.e.*, the amount of tax imposed by the Code for a particular year.  It is instead a question of whether the liability remains *unpaid*."  *Melasky*, 151 T.C. at 92 (emphasis in original); see also *Kovacevich v. Commissioner*, T.C. Memo. 2009-160 (2009) (same).  Here, the amount of tax imposed by the Code for Zuch's 2010 tax year is not in dispute: she self-reported the tax on her amended 2010 return (A476), and the IRS assessed the tax based

---

[6] There is no real dispute here that the appeals officer verified compliance under Section 6330(c)(1).  He certified that he did so (A293), and Zuch did not allege otherwise in her petition (A25-30).  The Tax Court will not consider issues that were not pleaded in the petition. Tax Ct. R. 31(a); *Markwardt v. Commissioner*, 64 T.C. 989, 997 (1975).  And Zuch's representative admitted before Appeals that they were "comfortable with the assessemnt (sic) and just want the $50k moved over" (A670), effectively waiving any Section 6330(c)(1) challenge.

on that return.  (A280.)  The sole issue in this case was whether that undisputed liability was fully paid.

At all events, Zuch's payment-allocation challenge is moot under any of these subprovisions, because her tax is fully paid:

- Section 6330(c)(2)(A) permits a taxpayer to raise "any relevant issue relating to the *unpaid tax* or the *proposed levy*."  (Emphasis added.) If the tax underlying a proposed levy is fully paid, there is no "unpaid tax," and the IRS cannot pursue a "proposed levy."  *Cf. McLane*, 24 F.4th at 319; *Willson*, 805 F.3d at 320-21; *Byers*, 740 F.3d at 679.

- Section 6330(c)(1) mandates verification that certain procedural requirements were met before enforcing a proposed levy.  If there is no balance due, the proposed levy cannot be enforced—rendering any verification challenge unnecessary and advisory.

- As explained above, nothing in Section 6330(c)(2)(B) authorizes the Tax Court to pass on the merits of an underlying liability where the full payment or concession of that liability precludes the IRS from collecting it via lien or levy.  *McLane,* 24 F.4th at 319; *Willson,* 805 F.3d at 320-21; *Byers*, 740 F.3d at 679.

A petition under I.R.C. § 6330(d)(1) challenging a notice of
determination does not create an avenue for the Tax Court to adjudicate
issues (including a disputed liability) in the *absence* of a proposed
collection action.  Rather, the CDP statute grants jurisdiction to the Tax
Court only to review administrative findings in order to evaluate
whether or not a proposed collection action should be sustained.  I.R.C.
§ 6330(c)(2), (d)(1).  "The purpose of a collection due process hearing is
to review the propriety of the proposed collection action." *Calpino v.
Commissioner*, 819 F. App'x 860, 861 (11th Cir. 2020).  To read
Section 6330(d) as giving the Tax Court jurisdiction to review any
underlying determination made by the appeals officer when there is no
longer any proposed collection action would completely untether Section
6330 from its place in the statutory scheme, *i.e.,* "Notice and
Opportunity for a Hearing Before Levy," *see* I.R.C. § 6330(a)(1).  A CDP
proceeding is not a forum to independently review the propriety of IRS
actions *in the absence of* a proposed lien or levy.

-27-

### 7. *Polselli* is inapplicable to the facts of this case, but is instructive in its interpretation of the Internal Revenue Code

In *Polselli v. IRS*, 143 S. Ct. 1231, 1235 (2023), the Supreme Court interpreted the scope of the notice requirement to parties named in IRS summonses under I.R.C. § 7609. Accordingly, its holding is inapplicable to this case, which involves mootness in the context of a proceeding under I.R.C. § 6330.

That said, the Supreme Court did acknowledge that the determination and collection of a tax liability were distinct activities subject to distinct procedures. *Polselli*, 143 S. Ct. at 1235. The Court also declined to read a condition (the requirement that a taxpayer have a legal interest in summonsed records) into the language of the notice statute, which contained no such condition. *Id.* at 1237. Far from indicating, as amicus argues (Am. Br. 26), that the Code should be interpreted to "construe[ ] taxpayer rights broadly," *Polselli* stands for the opposite analytical approach. The Supreme Court hewed to the plain language of the statute, despite claims of unfairness to third parties whose records were summoned. *See id*. at 1240. It is the province of Congress, not the courts, to strike a balance between

competing policy interests—there, between the IRS's need for information and the privacy interests of third parties. *Id.* at 1240.

In Section 6330, Congress struck a balance between the need to efficiently and expeditiously collect taxes and to ensure that collection is appropriate and no more intrusive than necessary. *See Hartmann v. Commissioner,* 638 F.3d 248, 250 (3d Cir. 2011); *Bull v. United States*, 295 U.S. 247, 259 (1935) (taxes are "the lifeblood of government, and their prompt and certain availability an imperious need"); I.R.C. § 6330(c)(3)(C). The enactment of pre-collection review procedures for liens and levies did not convert the Tax Court into a one-stop shop to resolve all tax problems, particularly since Congress withheld overpayment or refund jurisdiction in CDP cases. *Cf. Polselli*, 143 S. Ct. at 1237 ("Had Congress wanted to include a legal interest requirement, it certainly knew how to do so.").

-29-

# CONCLUSION

The judgment of the Tax Court should be affirmed.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Julie Ciamporcero Avetta

JENNIFER M. RUBIN             (202) 307-0524
JULIE CIAMPORCERO AVETTA      (202) 616-2743
  *Massachusetts Bar No. 665792*
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

AUGUST 3, 2023

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Local Rule 28.3(d), it is hereby certified that, because the attorneys on this brief represent the Federal Government, the requirement that at least one attorney must be a member of the Bar of this Court is waived.

 /s/ Julie Ciamporcero Avetta

JULIE CIAMPORCERO AVETTA
*Attorney for the Appellee*

## CERTIFICATE OF COMPLIANCE

### Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

[X]     this document contains 5,830 words, **or**

[ ]     this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]     this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

[ ]     this brief has been prepared in a monospaced typeface using _____ with _____.

3.  The undersigned hereby further certifies that the foregoing brief filed electronically with the Court is in PDF searchable format, that the text of the PDF copy is identical to the text of the paper copy, that the PDF version has been electronically scanned for viruses with Microsoft Windows Defender (updated daily), and that, according to the program, no viruses were detected.

(s)   _/s/ Julie Ciamporcero Avetta_____

Attorney for _Commissioner of Internal Revenue_

Dated:_____August 3, 2023_

-32-

## CERTIFICATE OF SERVICE

It is hereby certified that on August 3, 2023: (1) 7 copies of this brief were sent by First Class Mail to the Clerk; (2) a PDF copy was electronically filed by CM/ECF; and (3) all parties are CM/ECF users and were served via CM/ECF.

/s/ Julie Ciamporcero Avetta

JULIE CIAMPORCERO AVETTA
*Attorney*
